915 A.2d 617 (2007)
390 N.J. Super. 395
Halina JABLONOWSKA, Individually and as Administratrix Ad Prosequendum and Administratrix of the Estate of Jadwiga Baczewska, Deceased and Tadeusz Jablonowska, Plaintiffs-Respondents/Cross-Appellants,
v.
David P. SUTHER and Theresa Suther, Defendants-Appellants/Cross-Respondents.
Superior Court of New Jersey, Appellate Division.
Argued December 6, 2006.
Decided February 13, 2007.
*619 Thomas W. Matthews, Roseland, argued the cause for appellants/cross-respondents (Soriano, Henkel, Biehl & Matthews, attorneys; Mr. Matthews, on the brief).
Samuel Lachs, Elizabeth, argued the cause for respondents/cross-appellants.
Before Judges PARKER, C.S. FISHER and YANNOTTI.
The opinion of the court was delivered by
YANNOTTI, J.A.D.
Defendants David P. Suther and Theresa Suther appeal from a judgment entered following a jury trial, awarding damages to plaintiff Halina Jablonowska in an action arising from an automobile accident in which plaintiff's mother Jadwega Baczewska (Baczewska) was killed. Plaintiff cross-appeals from the dismissal of her claim for the negligent infliction of emotional distress. For the reasons that follow, we affirm.

I.
On October 14, 2000, plaintiff was driving in her vehicle and Baczewska was her passenger. At the time, defendant David P. Suther was driving a vehicle owned by defendant Theresa Suther. Suther's vehicle collided with plaintiff's car. Baczewska sustained personal injuries in the accident which resulted in her death.
On October 9, 2002, plaintiff filed a complaint naming the Suthers as defendants. Plaintiff alleged that David P. Suther drove the vehicle negligently and, as a result, plaintiff and Baczewska sustained personal injuries, which resulted in pain *620 and suffering and Baczewska's death. Plaintiff claimed that she suffered emotional distress as a result of witnessing Baczewska's injuries and death. Plaintiff asserted claims asserted on behalf of Baczewska's survivors.[1]
In February 2004, defendants filed a motion to dismiss plaintiff's individual claims for emotional distress and pain and suffering because she had not furnished a physician's certification within sixty days of the filing of the answer. According to defendants, the physician's certification was required by N.J.S.A. 39:6A-8a, as amended by the Automobile Insurance Cost Reduction Act (AICRA), N.J.S.A. 39:6A-1.1 to -35.
In response to the motion, plaintiff stated that she had not filed the physician's certification because her soft tissue injuries did not rise to the level required by the limitation on lawsuits in N.J.S.A. 39:6A-8a. Furthermore, plaintiff argued that she was asserting an emotional distress claim pursuant to Portee v. Jaffee, 84 N.J. 88, 417 A.2d 521 (1980), and the threshold did not apply to such a claim. Plaintiff submitted two reports to substantiate her emotional distress claim: a report by Irena Bartman-Fila (Bartman-Fila), a clinical social worker; and a report by Dr. David Brozyna (Brozyna), a psychiatrist.
On April 2, 2004, the judge entered an order granting defendants' motion to dismiss. The judge found that plaintiff's Portee claim is subject to the threshold in N.J.S.A. 39:6A-8a. The judge determined that dismissal of the claim was warranted because plaintiff had not furnished the physician's certification required by N.J.S.A. 39:6A-8a, and because plaintiff had not presented objective evidence of a permanent injury.
On or about April 14, 2004, plaintiff moved for reconsideration of the April 2, 2004, order. The judge entered an order on May 14, 2004, denying the motion. The matter was scheduled for trial on March 7, 2005. On or about January 31, 2005, plaintiff again moved for reconsideration of the April 2, 2004 order, and to adjourn the trial date.
In support of her motion for reconsideration, plaintiff relied upon Casinelli v. Manglapus, 181 N.J. 354, 858 A.2d 1113 (2004), which was decided on September 23, 2004. In Casinelli, the Court held that a physician's certification under AICRA "is neither a fundamental element of the AICRA cause of action nor analogous to a pleading and therefore, that neither dismissal with nor without prejudice is compelled." Id. at 355-56, 858 A.2d 1113. In further support of her motion, plaintiff submitted a physician's certification from Brozyna, dated January 14, 2005.
The trial judge entered an order on February 18, 2005, denying the motion. The judge wrote on the order that the Casinelli decision was not meant to encourage the re-opening of a matter which had been dismissed ten months before, under the guise of reconsideration. The judge again found that plaintiff's claim did not meet the statutory threshold because she had not presented objective evidence of a permanent injury.
Defendants conceded liability and a trial was held on July 12 to July 14, 2005, limited to the issue of damages. Plaintiff testified that she was born in Poland and came to the United States in 1997. Baczewska came to the United States a year later, and lived for a brief period of time *621 with plaintiff and her family. According to plaintiff, she and her mother were "best friends." They saw each other twice during each week, for about seven to eight hours a day. They also were together for about twenty hours every weekend.
Plaintiff further testified that she and Baczewska cooked dinner, went on walks, shopped, and gardened together. Baczewska also gave plaintiff advice on family and health matters. Plaintiff said that from time-to-time she had marital problems, but Baczewska urged her to keep the family together. Plaintiff credited her mother with keeping her marriage intact.[2]
Plaintiff also described the car accident in which her mother was killed. Plaintiff was driving and her mother was a passenger in the car. Plaintiff stated that, when her car was struck by the other vehicle, she hit her head and was unconscious for a period of time. When she regained consciousness, plaintiff heard Baczewska calling her name, calling for help, and moaning. Plaintiff got out of the car and waited for assistance.
Rosalyn Stahl (Stahl), who is board-certified in anatomic pathology, clinical pathology, and cytopathology, testified as an expert for plaintiff. Stahl stated that in the accident Baczewska suffered a mild blunt trauma to her head; however, there was no indication that she suffered a concussion or lost consciousness. Baczewska also sustained multiple fractures to the ribs and vertebrae, and a partial transection of the aorta, which was a major factor contributing to her death.
Stahl concluded that the injury to Baczewska's aorta resulted in bleeding and an accumulation of blood in the thoracic cavity, which caused the lung to collapse. As a consequence, Baczewska was prevented from breathing. Stahl explained that the transection of the aorta did not cause Baczewska's immediate death. She testified that it would take a few minutes before the blood accumulated in the thoracic cavity.
Stahl further testified that an accumulation of blood in the thoracic cavity would cause pain. There would be considerable discomfort due to respiratory distress. Because many of Baczewska's ribs had been broken and misaligned, any attempt to take a deep breath would be painful. The multiple fractures of the vertebrae also would be painful. Stahl stated that Baczewska probably went into shock several minutes after the injuries were sustained. She did not know if Baczewska lost consciousness.
The jury awarded plaintiff $200,000 on the wrongful death claim, and $350,000 on the survivorship claim. Defendants' motion for a new trial was denied and judgment was entered in accordance with the jury's verdict.

II.
In their appeal, defendants argue that: 1) plaintiff failed to present sufficient evidence to support the wrongful death claim; 2) the judge erred in charging the jury on "companionship" and "pain and suffering" damages; 3) the jury awards were excessive; and 4) the conduct of plaintiff's attorney throughout the trial requires a new trial.
We are satisfied that plaintiff presented sufficient evidence to support the jury's award of damages on the wrongful death claim. The claim is governed by the *622 Wrongful Death Act, N.J.S.A. 2A:31-1 to -6. In a wrongful death action, damages may be awarded for the pecuniary loss sustained by the decedent's survivors as a result of the tortious conduct of others. Smith v. Whitaker, 160 N.J. 221, 231, 734 A.2d 243 (1999). Recovery is based on the monetary contributions that the decedent probably would have provided to the survivors. Curtis v. Finneran, 83 N.J. 563, 570, 417 A.2d 15 (1980).
Damages may be awarded for the pecuniary value of the loss of companionship, as well as the loss of guidance, advice and counsel "which all of us need from time to time in particular situations, for specific purposes, perhaps as an aid in making a business decision, or a decision affecting our lives generally, or even advice and guidance needed to relieve us from unremitting depression." Green v. Bittner, 85 N.J. 1, 14, 424 A.2d 210 (1980). The advice and guidance must be of the type that "could be purchased from a business adviser, a therapist, or a trained counselor." Ibid. Expert testimony is not required to place a value on the loss of these services but may be "helpful to avoid leaving the jury to conjecture on those values." Brown v. Kennedy Mem'l. Hosp., 312 N.J.Super. 579, 593-94, 711 A.2d 1370 (App.Div.), certif. denied, 156 N.J. 426, 719 A.2d 1024, 1025 (1998).
In our view, plaintiff's testimony was sufficient to support her claim for the loss of her mother's companionship, advice and guidance. Indeed, the testimony presented in this case was similar to the plaintiff's allegations in Gangemi v. Nat'l Health Lab., Inc., 291 N.J.Super. 569, 677 A.2d 1163 (App.Div.1996), where the plaintiff sought recovery for companionship losses arising from her sister's wrongful death. The plaintiff stated that she considered her sister to be a "confidant/advisor." The plaintiff relied upon her sister for counsel regarding her troubled marriage, her subsequent divorce, and her relationship with her former husband. Id. at 572, 677 A.2d 1163. The plaintiff also relied upon her sister for career advice. We held that the plaintiff's assertions were sufficient to allow consideration of the claim by a jury. Id. at 576-77, 677 A.2d 1163.
We also are convinced that the trial judge did not err in denying defendants' motion to set aside the award of $200,000 on the wrongful death claim. The judge found that the jury's verdict was not a miscarriage of justice under the law. R. 4:49-1(a); Fertile v. St. Michael's Med. Ctr., 334 N.J.Super. 43, 56, 756 A.2d 1037 (App.Div.2000), aff'd in part, rev'd in part, 169 N.J. 481, 779 A.2d 1078 (2001). The judge further found that the award was not excessive. There is ample support in the record for the judge's findings and conclusions.
In addition, we are satisfied that plaintiff presented sufficient evidence to support the award of $350,000 on the survivorship claim. The claim is governed by the Survivor's Act, N.J.S.A. 2A:15-3. In an action brought under the Survivor's Act, damages may be awarded for the decedent's conscious pain and suffering between the time of injury and death. Whitaker, supra, 160 N.J. at 236, 734 A.2d 243.
Here, the trial judge found that sufficient evidence had been presented from which the jury reasonably could infer that Baczewska was conscious and in pain in the time between the injury and her death. The judge determined that the award of $350,000 for Baczewska's conscious pain and suffering was not excessive. In our view, the judge properly determined that the award was not a miscarriage of justice under the law. Fertile, supra, 334 N.J.Super. at 56, 756 A.2d 1037.
*623 We have considered defendants' other contentions and find them to be of insufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E). We accordingly affirm the judgment for plaintiff.

III.
In the cross-appeal, plaintiff argues that the judge erred by dismissing her Portee claim. Plaintiff contends that the claim is not subject to the limitation on lawsuit threshold in N.J.S.A. 39:6A-8a. Plaintiff also contends that the judge erred by concluding that she failed to present sufficient evidence to support her claim. We disagree.
In our view, plaintiff's Portee claim is subject to the threshold in N.J.S.A. 39:6A-8a. The statute provides in pertinent part that:
Every owner, registrant, operator or occupant of an automobile to which [N.J.S.A. 39:6A-4], personal injury protection coverage, or [N.J.S.A. 39:6A-3.1], medical expense benefits coverage, regardless of fault, applies, and every person or organization legally responsible for his acts or omissions, is hereby exempted from tort liability for noneconomic loss to a person who is subject to this subjection and who is either a person who is required to maintain personal injury protection coverage . . . or medical expense benefits . . . as a result of bodily injury, arising out of the ownership, operation, maintenance or use of such automobile in this State, unless that person has sustained a bodily injury which results in death; dismemberment; significant disfigurement or significant scarring; displaced fractures; loss of a fetus; or a permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement. An injury shall be considered permanent when the body part or organ, or both, has not healed to function normally and will not heal to function normally with further medical treatment.
Thus, according to the plain language of the statute, a lawsuit seeking damages for "noneconomic" loss resulting from a "bodily injury" that arises from the "ownership, operation, maintenance or use" of an automobile in this State," may not be maintained unless the claimant has sustained a "bodily injury" that results in an injury as defined in the statute.
Plaintiff is asserting a claim under Portee for non-economic loss, specifically emotional distress damages. Plaintiff's loss is the result of a "bodily injury" arising from an automobile accident, suffered in these circumstances not by plaintiff but rather by her mother, who is a person with whom plaintiff had an "intimate, familial relationship." Portee, supra, 84 N.J. at 101, 417 A.2d 521. The claim therefore comes within the purview of the statute.
Our decision in Srebnik v. State, 245 N.J.Super. 344, 585 A.2d 950 (App.Div. 1991), supports this conclusion. In Srebnik, we held that Portee claims are subject to N.J.S.A. 59:9-2(d), a provision of the Tort Claims Act which bars the award of damages against a public entity for pain and suffering except in cases involving a permanent loss of a bodily function; permanent disfigurement or dismemberment; or medical expenses that exceed a specified monetary threshold. We stated:
In applying the Tort Claims Act, we perceive no difference between a direct claim for an emotional injury and a derivative claim for emotional distress under Portee. Indeed the underlying policy of barring "non-objective types of damages" applies to both direct and derivative claims. We recognize the policy considerations implicated in Portee which allow recovery for the emotional trauma resulting from the "apprehension *624 of the death or serious injury of one whose very existence is a precious treasure. Portee v. Jaffee, supra, 84 N.J. at 97, 417 A.2d 521. . . . However, Portee was not decided in the context of the Act. As stated, N.J.S.A. 59:9-2d bars any claim for emotional distress (pain and suffering) short of aggravating circumstances set forth in the statute. It does not expressly or impliedly exempt Portee claims, notwithstanding the laudable policy underpinnings of the Portee decision.
[Id. at 352-53, 585 A.2d 950.]
In applying the limitation on lawsuit threshold in N.J.S.A. 39:6A-8a to plaintiff's Portee claim, we also discern no valid distinction between a direct claim for emotional injury and a claim under Portee for emotional distress. The legislative policy to limit actions for non-economic damages that is reflected in the Tort Claims Act, also is reflected in the limitation on lawsuit threshold. In addition, N.J.S.A. 39:6A-8a does not expressly or impliedly exempt Portee claims from the threshold. Accordingly, we conclude that plaintiff's Portee claim is subject to the threshold in N.J.S.A. 39:6A-8a.
Because the threshold applies in this matter, plaintiff was required by N.J.S.A. 39:6A-8a to produce a physician's certification within sixty days of the filing of defendants' answer. The statute requires that the certification be furnished by a licensed treating physician, or a board-certified licensed physician to whom the plaintiff has been referred. The certification must state that plaintiff sustained an injury as defined in N.J.S.A 39:6A-8a. Furthermore:
The certification shall be based on and refer to objective clinical evidence, which may include medical testing, except that any such testing shall be performed in accordance with medical protocols pursuant to [N.J.S.A. 39:6A-4] and the use of valid diagnostic tests administered in accordance with [N.J.S.A. 39:6A-4.7]. Such testing may not be experimental in nature or dependent entirely upon subjective patient response.
[Ibid.]
In this case, the judge dismissed plaintiff's Portee claim because she had not furnished the physician's certification in a timely manner, and because plaintiff did not present objective evidence to support her claim.
In our view, the judge erred in stating that the Supreme Court in Casinelli did not contemplate the re-opening of a claim that had been dismissed several months before its decision. Indeed, we are convinced that the Court in Casinelli fully expected that the trial courts would adhere to its interpretation of AICRA, particularly in a matter that had not yet been tried. Nevertheless, we are satisfied that the judge correctly denied plaintiff's motion for reconsideration because plaintiff had not presented objective evidence that she had sustained an injury as defined in the statute.
Plaintiff alleges that she sustained a permanent injury, specifically post-traumatic stress disorder. To vault the threshold, plaintiff must show that she sustained a "permanent injury within a reasonable degree of medical probability." N.J.S.A. 39:6A-8a. An injury is "considered permanent when the body part or organ, or both, has not healed to function normally . . . with further medical treatment." Ibid. Emotional distress alone is not sufficient to carry plaintiff across the threshold. Plaintiff must establish that her post-traumatic stress disorder has resulted in a permanent injury to a "body part or organ."
*625 Our conclusion that plaintiff's emotional distress claim must have a permanent physical component also is supported by our decision in Srebnik, supra. There, we held that the plaintiff could not be awarded damages on her Portee claim unless the emotional distress was the result of some "permanent debilitating or disfiguring physical injury" or resulted in a "permanent loss of a bodily function" such as "disabling tremors, paralysis or loss of eyesight." Srebnik, supra, 245 N.J.Super. at 351, 585 A.2d 950. We held that, "Damages resulting from subjective symptoms of depression and anxiety, without the requisite indicia of permanent physical infirmity, are not recoverable under [N.J.S.A. 59:9-2d]." Ibid.
In this matter, plaintiff submitted two reports that address her claim. Bartman-Fila stated in her report that she had weekly psychotherapy sessions with plaintiff from November 7, 2000, to March 5, 2002. Bartman-Fila found that plaintiff was suffering from chronic post-traumatic stress disorder with major depressive disorder. She said that plaintiff was afraid of driving, being a passenger in a car, and being in a closed room. Plaintiff's other symptoms included disturbed sleep and flashbacks of the accident. Bartman-Fila opined that plaintiff's psychological disorder was permanent; however, she did not identify any permanent physical injury to a "body part or organ" resulting from the disorder.
In his report, Brozyna also diagnosed post-traumatic stress disorder. Brozyna noted that initially plaintiff's illness included frequent crying, headaches, palpitations, chest pain, shortness of breath, nausea with vomiting, dizziness, tingling and numbness in the extremities, and other symptoms. Plaintiff reported that she experienced nightmares and frequent flashbacks of the accident. Brozyna stated that plaintiff's condition had improved "to a fair degree." He found that plaintiff's prognosis was "guarded" and he opined that plaintiff would probably need a "long course of medication and supportive psychotherapy." However, Brozyna did not diagnosis any permanent physical injury to a "body part or organ" resulting from plaintiff's post-traumatic stress disorder.
Moreover, neither Bartman-Fila nor Brozyna based their reports on any "objective clinical evidence," as required by N.J.S.A. 39:6A-8a. See DiProspero v. Penn, 183 N.J. 477, 501, 874 A.2d 1039 (2005); and Serrano v. Serrano, 183 N.J. 508, 518, 874 A.2d 1058 (2005). As their reports indicate, both Bartman-Fila and Brozyna relied on subjective patient response in formulating their opinions. Such evidence is insufficient to meet the threshold.
We therefore conclude that the judge correctly determined that plaintiff had not shown by "objective clinical evidence" a permanent injury as defined in N.J.S.A. 39:6A-8a. Although plaintiff presented reports which state that she suffers from post-traumatic stress disorder, that condition without an accompanying permanent physical injury to a "body part or organ," is insufficient to carry plaintiff across the threshold established by N.J.S.A. 39:6A-8a. Accordingly, plaintiff's Portee claim failed as a matter of law.
Affirmed on the appeal and the cross-appeal.
NOTES
[1] The complaint also included a claim by plaintiff's husband for the loss of his wife's services, society and consortium. On defendants' motion, the judge dismissed the claim. That order is not challenged on appeal.
[2] Plaintiff stated that she has two sisters but neither sister testified at trial. Plaintiff's son testified about his relationship with his grandmother. Before the case was submitted to the jury, the judge ruled that plaintiff was the only survivor who could be awarded damages for Baczewska's wrongful death. That determination is not challenged in this appeal.